IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:15-00236

**TERRANCE DEWAYNE HAYES**

MEMORANDUM OPINION AND ORDER

Pending before the court was defendant's motion to revoke Magistrate Judge VanDervort's Detention Order, pursuant to 18 U.S.C. § 3145(b).  (Doc. No. 16).  The United States filed a response opposing defendant's motion.  (Doc. No. 20).  On February 4, 2016, at defendant's plea hearing, that motion was **DENIED** and defendant was remanded to custody.  The reasons for that decision follow.

Background

On December 1, 2015, an eight-count indictment was returned charging defendant, Terrance Dewayne Hayes, with distribution of heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1). Magistrate Judge VanDervort conducted a detention hearing and, by Order entered on December 4, 2015, ordered that defendant be detained.  Specifically, Magistrate Judge VanDervort found that defendant should be detained because he poses a risk of non-appearance and is a danger to the community.  The instant motion followed.

1

## **Analysis**

A defendant may be detained only if the government shows, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure the safety of the community and/or the government shows, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance.  18 U.S.C. § 3142(c), (f) and (g).  In certain cases, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community . . . ."  18 U.S.C. § 3142(f) and (g).  A rebuttable presumption arises in this case.

"In a presumption case such as this, a defendant bears a limited burden of production - not a burden of persuasion - to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a flight risk." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court."  Id.

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the

evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.  18 U.S.C. § 3142(g).

The court, having taken into account the entirety of the evidence of record, the arguments of counsel, and the statutory presumption in favor of detention, FINDS by clear and convincing evidence that defendant poses a risk of non-appearance and is a danger to the community.  The court further FINDS that there is no condition or combination of conditions that will reasonably eliminate the risk of non-appearance and assure the safety of the community.

Significantly, defendant has not met his burden of production to show that he is not a flight risk or a danger to the community sufficient to rebut the presumption of detention. The court acknowledges that defendant is a long-time resident of the area, however, he is unemployed and he has largely been so for most of his adult life.  Although he has two children, he is in arrears on his child support obligations.  Furthermore, he has no assets and significant financial liabilities.

As to whether defendant poses a risk to the safety of others and the community, defendant has a significant criminal record as laid out in the pretrial services report, as well as the response

of the United States to the instant motion. Defendant has a felony conviction for being a felon in possession of a firearm, as well as a misdemeanor conviction for carrying a dangerous weapon. Furthermore, at least one of the offenses charged in the instant indictment occurred six days after being placed on bond in McDowell County Magistrate Court.

Furthermore, when evaluating whether a defendant poses a risk to the community, a court should also consider the likelihood that defendant will commit more drug offenses. <u>United States v. Williams</u>, 753 F.2d 329, 335 (4th Cir. 1985) ("The district court also applied an improper legal standard, concluding that substantial evidence of on-going narcotics offenses - which the record demonstrates has persisted despite prior drug convictions and parole supervision - is not a danger to be considered. . . . The risk that a defendant will continue to sell narcotics was repeatedly cited [in the legislative history of the Bail Reform Act] as an example of a danger to the `safety of any other person or the community.'"). As noted above, defendant's record shows a history of continued criminal conduct while on probation and/or bond. For all these reasons, the evidence defendant submitted at the detention hearing was not sufficient to rebut the presumption of detention.

In any event, even assuming that sufficient evidence had been offered to rebut the presumption of detention, the factors

4

enumerated in § 3142(g) compel detention. In his attempt to rebut the presumption, defendant suggested that he be placed on home confinement. However, imposing home confinement in this instance does not satisfy the court that there are no condition or combination of conditions that would reasonably assure the safety of any other person or the community. Six of the eight transactions set out in the indictment occurred at defendant's residence and, at least once, in close proximity to his child(ren). Therefore, the court cannot conclude that defendant will not continue to sell drugs, even if placed on home confinement.

Accordingly, for the foregoing reasons, the court **DENIED** defendant's motion to revoke the detention order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 2nd day of May, 2016.

    ENTER:

    David A. Faber
    Senior United States District Judge